UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED MOSHRIF, | ) |
| | ) CASE NO. C12-1249-RSL-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DENYING MOTION TO |
| | ) REQUEST HEARING AND |
| SNOHOMISH COUNTY CORRECTIONS | ) DIRECTING PETITIONER TO |
| and SNOHOMISH COUNTY SHERIFF'S | ) SHOW CAUSE |
| DEPARTMENT, | ) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 8.) He seeks to challenge a May 23, 2012 conviction for violations of no contact/protection orders. Petitioner also filed a motion requesting a hearing in this matter. (Dkt. 13.) However, for the reasons explained below, it appears that this habeas petition is subject to dismissal.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

ORDER TO SHOW CAUSE
PAGE -1

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Here, petitioner concedes he has not yet sought any relief in state court. (*See* Dkt. 8 at 2-4.) Accordingly, petitioner may not at this time pursue habeas relief in this Court.[1]

The Court also identifies another deficiency in the petition. Neither Snohomish County Corrections, nor Snohomish County Sheriff's Department is a proper respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. As such, if petitioner were able to establish exhaustion, he would have to identify a proper respondent in order to pursue this case.

Given the above, petitioner's Motion to Request Hearing (Dkt. 13) is DENIED and

---

[1] Petitioner should inquire into any state court deadlines relating to the conviction at issue. The Court notes that, for example, a state court petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(1).

petitioner is hereby ORDERED to show cause, within **forty-five (45) days** of the date of this Order, why his petition should not be dismissed without prejudice.  The Clerk is directed to send a copy of this Order to petitioner and to the Honorable Robert S. Lasnik.

DATED this 30th day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE -3