UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED MOSHRIF, | ) |
| | ) CASE NO. C12-1249-RSL-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DENYING MOTION TO |
| | ) REQUEST HEARING AND |
| SNOHOMISH COUNTY CORRECTIONS | ) DIRECTING PETITIONER TO |
| and SNOHOMISH COUNTY SHERIFF'S | ) SHOW CAUSE |
| DEPARTMENT, | ) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 8.)  He seeks to challenge a May 23, 2012 conviction for violations of no contact/protection orders.  Petitioner also filed a motion requesting a hearing in this matter. (Dkt. 13.)  However, for the reasons explained below, it appears that this habeas petition is subject to dismissal.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

ORDER TO SHOW CAUSE
PAGE -1

exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Here, petitioner concedes he has not yet sought any relief in state court. (*See* Dkt. 8 at 2-4.) Accordingly, petitioner may not at this time pursue habeas relief in this Court.[1]

The Court also identifies another deficiency in the petition. Neither Snohomish County Corrections, nor Snohomish County Sheriff's Department is a proper respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360. As such, if petitioner were able to establish exhaustion, he would have to identify a proper respondent in order to pursue this case.

Given the above, petitioner's Motion to Request Hearing (Dkt. 13) is DENIED and

---

[1] Petitioner should inquire into any state court deadlines relating to the conviction at issue. The Court notes that, for example, a state court petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(1).

ORDER TO SHOW CAUSE
PAGE -2

petitioner is hereby ORDERED to show cause, within **forty-five (45) days** of the date of this Order, why his petition should not be dismissed without prejudice. The Clerk is directed to send a copy of this Order to petitioner and to the Honorable Robert S. Lasnik.

DATED this 30th day of August, 2012.

Mary Alice Theiler
United States Magistrate Judge