UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMED MOSHRIF,<br><br>    Petitioner,<br><br>    v.<br><br>SNOHOMISH COUNTY CORRECTIONS and SNOHOMISH COUNTY SHERIFF'S DEPARTMENT,<br><br>    Respondents. | CASE NO. C12-1249-RSL-MAT<br><br>REPORT AND RECOMMENDATION |

Petitioner, proceeding *pro se*, submitted a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 8.) He seeks to challenge a May 23, 2012 conviction for violations of no contact/protection orders. Finding deficiencies in the petition, the Court directed petitioner to show cause, by October 15, 2012, why this matter should not be dismissed without prejudice. (Dkt. 14.) While the Court received a letter from petitioner on the same date it issued the Order to Show Cause (*see* Dkt. 15), that letter did not address any of the deficiencies identified by the Court. Further, to date, petitioner has not submitted any response to the Court's Order

REPORT AND RECOMMENDATION
PAGE -1

to show cause. Accordingly, for the reasons set forth below, the Court recommends that this matter be dismissed without prejudice.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Here, petitioner concedes he has not yet sought any relief in state court. (*See* Dkt. 8 at 2-4.) Accordingly, petitioner may not at this time pursue habeas relief in this Court.[1]

The Court also identified another deficiency in the petition. Neither Snohomish County Corrections, nor Snohomish County Sheriff's Department is a proper respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). That person typically is the

---

[1] The Court directed petitioner to inquire into any state court deadlines relating to the conviction at issue, noting, for example, that a state court petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(1).

REPORT AND RECOMMENDATION
PAGE -2

01 warden of the facility in which the petitioner is incarcerated. *Id*. Failure to name the
02 petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360.
03 Petitioner, in this case, failed to identify a proper respondent.

04 Given the above, the Court recommends that the petition be DISMISSED without
05 prejudice. The Court also concludes that petitioner is not entitled to a certificate of
06 appealability (COA) with respect to his claims. *See* 28 U.S.C. § 2253(c)(2) (COA may issue
07 only where a petitioner has made "a substantial showing of the denial of a constitutional
08 right."). A proposed order accompanies this Report and Recommendation.

09 DATED this 15th day of November, 2012.

Mary Alice Theiler
United States Magistrate Judge